A. L. HUGHES v. M. J. DOYLE ET AL.

No. 623.—Decided January 27, 1898.

County Court—Terms—Constitution—Commissioners Courts.

Art. 5, sec. 29 of the Constitution empowers Commissioners Courts to change the time for the regular terms of the County Courts in their respective counties, independently of any action by the Legislature. The words "under authority of law" were there used to make their action subordinate to legislative control, and not to empower the Legislature to authorize the Commissioners Courts to act in the premises. (Pp. 421 to 423.)

QUESTIONS CERTIFIED from Court of Civil Appeals for Third District, in an appeal from Travis County.

*McFall & Kopperl,* for appellant.—Constitution, art. 5, sec. 29; art. 3, secs. 18 and 53; art. 13, sec. 4; Acts 18th Leg., p. 134; Acts Special Session, 18th Leg., p. 36; Acts 19th Leg., p. 53; Rev. Stats., 1895, p. 264; Cooley's Const. Lim. (6th ed.), pp. 98, 99 and foot notes.

*W. M. Brown,* for appellees.—Wilson v. State, 15 Texas Crim. App., 152; Schwartz v. Liberman, 2 Willson, C. C., sec. 289; Carothers v. Wilkinson, 2 Willson, C. C., sec. 356; Railway v. Graves, 2 Willson, C. C., sec. 677.

GAINES, CHIEF JUSTICE.—The following question has been certified for our determination by the Court of Civil Appeals for the Third Supreme Judicial District:

"This is an injunction suit brought by appellant to restrain the collection of a judgment rendered by the County Court of Travis County, in favor of appellee, M. J. Doyle, and against A. L. Hughes, appellant. The judgment referred to was rendered by the County Court of Travis County on the 5th day of July, 1888, and was for the sum of $336 and costs of suit. On the 8th day of April, 1897, an execution was issued on said judgment, and appellant seeks an injunction to prevent the levy of said execution on his property.

"The testimony shows that on the 14th day of November, 1883, the Commissioners Court of Travis County, at a regular term thereof, fixed the terms for the County Court of Travis County thereafter, beginning on the first Mondays in January, April, July and October of each year, for both civil and criminal business. It was also shown by the testimony that from that time, November 14th, 1883, until after July, 1888, the Commissioners Court of said county made no other or further order in reference to the terms or time of holding the County Court of said county.

"Appellant's contention is, that, as no statute had been passed authorizing the Commissioners Court to change the terms and times of holding the County Court, at the time the change was made by the Commis-

sioners Court of Travis County, November 14th, 1883, and as the Commissioners Court made no further order, after the statute was passed authorizing them to fix the terms of the County Court, until after the judgment complained of was rendered; therefore, said court could not legally hold a term or be in session in July, 1888, and the judgment sought to be enjoined, is absolutely null and void.

"On the other hand, it is contended by appellees that such action of the Commissioners Court was authorized by section 29 of art. 5 of the State Constitution, which section was adopted as an amendment to the Constitution September 25, 1883, said section reading as follows:

" 'The County Court shall hold at least four terms of both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners Court of the county under authority of law, and such other terms each year, as may be fixed by the Commissioners Court; provided, the Commissioners Court of any county having fixed the times and number of terms of the County Court, shall not change the same again, until the expiration of one year. Said court shall dispose of probate business, either in term time or vacation under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the county courts shall be held on the first Monday in February, May, August and November, and may remain in session three weeks.'

"The real question is, whether or not this section of the Constitution is self-executing, and empowered the Commissioners Court to change the time for the regular terms of the County Court, independent of any action by the Legislature; and this question, together with the question of the validity of the judgment which appellant seeks to have enjoined, and which depends upon the decision of this question, the Court of Civil Appeals for the Third Supreme Judicial District of Texas, and the Chief Justice of said court, certify to the Supreme Court for decision."

We are of opinion that the section of the Constitution referred to in the statement conferred power upon the Commissioners Court of the several counties in this State to regulate the times of holding the terms of the County Courts in their respective counties, within the limitations therein prescribed. We do not think that the purpose of the use of the words "under authority of law" as first employed in the section, was merely to empower the Legislature to authorize the Commissioners Court to act in the premises; but that it was rather to make their action subordinate and subject to legislative control. The proviso in the same sentence, to the effect that when those courts have once fixed the terms of the County Courts they "shall not change the same until the expiration of one year," indicates that the Commissioners might act without legislation and tends to support our conclusion. Otherwise it

seems that the provision would have been, that the Legislature should not authorize more than one change in twelve months.

The section in question was construed by our former Court of Appeals in two cases, and it was held in both that the action of the Commissioners Court after the amendment took affect and before the Legislature had passed a law upon the subject, was legal. Wilson v. State, 15 Texas Crim. App., 150; Mo. Pac. Ry. Co. v. Graves, 2 Willson, C. C., sec. 677. It is true that the question does not appear to have been raised in either case, but it was necessarily involved in the result. The court must first have held that the Commissioners Courts were empowered, in the absence of legislative action, to fix the terms of the County Court before they could have reached the questions discussed in the opinions. If they had considered that the Commissioners did not have such power, they must have held that the terms at which the cases were respectively tried were without authority of law, and the causes must have been dismissed. We should feel bound by these decisions unless we were of opinion that they were clearly wrong. We do not so think; on the contrary, we believe they are correct.

We accordingly answer the question in the affirmative, and our opinion will be so certified.