## JACK MATTHEWS v. THE STATE.

### No. 131. Decided November 10, 1909.

### Rehearing denied December 1, 1909.

**1.—Local Option—Charge of Court—Election by State—Limitation.**

Where, upon trial of a violation of the local option law, the evidence showed several different sales, and no motion was made compelling the State to elect upon which transaction the conviction should be sought, there was no reversible error in the court's charge that if the defendant, at any time during the year, and before the date charged in the information, was guilty of such unlawful sale of intoxicating liquors, to convict him. In misdemeanor cases a party can be convicted for a violation of the law if it occurred within two years prior to the return of the indictment.

**2.—Same—Charge of Court—Defendant as Witness.**

Upon trial of violation of the local option law there was no error in the court's charge that the jury could not use the fact against defendant that he failed to testify in his own behalf.

**3.—Same—Constitutional Law—Terms of County Court.**

Where, upon trial of a violation of the local option law, it was shown that the Commissioners Court had provided certain terms of the County Court, at one of which defendant was convicted, he could not interpose an objection that there was not a term of the County Court held once every month. Following Ex parte Cole, 51 Texas Crim. Rep., 166, and other cases.

**4.—Same—Sufficiency of the Evidence—Venue—Law in Force.**

See opinion for facts showing venue and sufficient evidence to sustain the conviction; also that the court charged that the local option law was in force.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The facts are sufficient to sustain the verdict. The evidence covered several transactions. There was no objection to the introduction of these various matters, and no election asked by appellant as to which transaction should form the basis of conviction. These matters occurred principally during the summer and fall of 1908.

1. The court charged the jury, in substance, that if they believed from the evidence beyond a reasonable doubt that at any time during

the year 1908 and before the 11th day of December of that year, that appellant sold intoxicating liquor to the alleged purchaser, T. E. Bailey, they would find a verdict for the State. Exception was reserved to this charge because it did not correctly state the law as to the time within which appellant might or might not be convicted, because the same is an incorrect expression as to the time appellant could be convicted under the evidence. We are of opinion there is no merit in this contention. So far as this particular question is concerned, it seems to bear principally upon the question of limitation. The usual rule is, a party can be convicted in misdemeanor cases for violation of the law if it occurred within two years prior to the return of the indictment. The indictment in this case was returned on the 11th of December. Inasmuch as the State was not required to elect upon which transaction the conviction would be sought, there was no reversible error in the court giving the charge criticised. If the State had been required to elect upon which transaction a conviction would be sought, then the charge would have to be confined to the particular transaction relied upon by the State.

2. There was also an exception reserved to that portion of the court's charge which instructed the jury that they could not use as a fact against appellant that he failed to testify in his own behalf. This question has been decided so often adversely to appellant's contention we deem it unnecessary to cite authorities in support of the correctness of the court's charge.

3. Another bill of exceptions recites that appellant plead specially to the jurisdiction of the County Court to try this cause, because under article 5, section 17, of the State Constitution, the court is required to hold one term every month for criminal business, as may be provided by law; second, it is shown that there are no regular monthly terms of said County Court either provided by law or the Commissioners Court, and, third, because the present term of the court began on the first Monday in March and continues for eight weeks, which is in violation of said article 5, section 17, of the Constitution. Said article 5, section 17, does provide that the County Court shall hold a session every month for the disposition of criminal cases, as may be provided by law. Section 29 of the same article of the Constitution provides that the County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners Court, etc. The evidence in the bill of exceptions shows that the Commissioners Court had provided certain terms of the court, at one of which appellant was convicted. We deem it unnecessary to go into a discussion as to whether or not there is a conflict between these two provisions of the Constitution. The Commissioners Court, under authority vested in them by the Constitu-

tion and laws, did provide for terms of the County Court as shown in the bill of exceptions. At one of these terms appellant was tried. We are of opinion that appellant has no ground of complaint. The Constitution authorized the Commissioners Court to provide for terms at which civil and criminal causes could be tried. He was tried at a term of court authorized by law. In Hughes v. Doyle, 91 Texas, 421, 44 S. W. Rep., 64, the court said: "We are of opinion that the section of the Constitution referred to in the statement conferred power upon the Commissioners Court of the several counties in this State to regulate the times of holding the terms of the County Courts in their respective counties, within the limitations therein prescribed." This language of the court was construing section 29 of article 5 of the State Constitution. The Commissioners Court having authority to provide terms of court under section 29, supra, there would be no legal reason why a conviction should be set aside had at one of said terms, because of the failure of the County Court to hold a session for the disposition of criminal business exclusively once every month. The term at which appellant was convicted was authorized by law, and he cannot interpose the objection urged—that there was not a term held once every month. See also Ex parte Cole, 51 Texas Crim. Rep., 166, and Wilson v. State, 15 Texas Crim. App., 150.

There being no error in the record requiring a reversal, it is ordered that the judgment be affirmed.

·          *Affirmed.*

### ON REHEARING.

#### December 1, 1909.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the judgment was affirmed. Appellant files motion for rehearing alleging first, the insufficiency of the evidence; second, that the trial court in defining the law applicable in local option cases failed to charge the jury that local option law was in full force and effect in Grayson County; and, third, the evidence fails to show the offense was committed in Grayson County, and further that there is no evidence of venue proven; fourth, that the witness T. E. Bailey never identified the defendant as having at any time within the last two years, before the filing of the complaint or indictment, sold intoxicating liquors to him.

In regard to the evidence, we should say that the witness Bailey testified that he bought intoxicating liquors in a certain building situated on an alley just west of North Travis Street, in Sherman; that he went into this place various times during the summer of 1908 and purchased intoxicating liquors; that he called for tea, and they gave him what, in his judgment, was whisky, and that he had been accustomed to drinking more or less for a number of years, and in his judg-

ment the liquor that he bought was whisky, and that he paid for it. He says: "My best recollection is that the defendant Jack Matthews has served me with whisky in this place during the summer of 1908," and that he paid him for the whisky. The witness testified further, as follows: "This building is situated in Grayson County, Texas, and these purchases occurred in Grayson County, Texas." Again he says: "My recollection is that on different dates during the summer of 1908 the defendant served me with whisky and that I paid him for the whisky. I told Mr. Cox and Mr. Adamson about one hour ago, in a conversation that I had with them, that I had bought whisky at this place but that I had no definite recollection of ever buying ány whisky from this defendant, and this statement I made to Mr. Cox and Mr. Adamson is the truth. I know positively that some time during the summer and fall of 1908 I bought from the defendant Jack Matthews liquor which was in my opinion whisky." We are of opinion this sufficiently covers those questions suggested in the motion for rehearing in regard to the sufficiency of the evidence, the venue and the identification of appellant by the witness Bailey.

In regard to the criticism of the charge, we find this in the instruction given the jury by the court: "In this case it is agreed between the State and the defendant, and you are charged that during the year 1908 local option was in effect in Grayson County and the sale of intoxicating liquor was prohibited in said county by law." This fully meets the statement in motion for rehearing that the jury were not charged that local option was in full force and effect in Grayson County.

There being no sufficient merit in the motion for rehearing requiring that it be granted, it is in all things overruled.

*Overruled.*