### WELLS FARGO & CO. EXPRESS v. MITCHELL.

(Court of Civil Appeals of Texas. Amarillo. March 21, 1914.)

1. COURTS (§ 62*)—CONSTITUTIONAL PROVISIONS—TERMS.

Const. art. 5, § 29, providing that the county court shall hold at least four terms for both civil and criminal business annually as may be provided by the Legislature or commissioners' court, and such other terms as are fixed by that court, being of later adoption, supersede article 5, § 17, requiring the county court to hold a term for criminal business once every month.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 207, 210; Dec. Dig. § 62.*]

2. COURTS (§ 63*)—TERMS OF COURT—COUNTY COURT.

Const. art. 5, § 29, requiring the county court to hold at least four terms annually for both civil and criminal business, as may be provided by the Legislature or commissioners' court, and such other terms each year as may be fixed by that court, abolishes separate terms of the county court for criminal business, so that the terms fixed for civil business are also terms for criminal business, and an order of the commissioners' court fixing a separate term for criminal business only is ineffective.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 208–217; Dec. Dig. § 63.*]

Appeal from Cooke County Court; R. V. Bell, Judge.

Action between the Wells Fargo & Co. Express and J. W. Mitchell. From an adverse judgment, the express company appeals, and appellee moved to dismiss the appeal. Motion denied.

H. L. Stuart, of Oklahoma City, Okl., and Stuart, Bell & Moore of Gainesville, for appellant. Robt. E. Cofer, of Austin, for appellee.

On Motion to Dismiss.

HALL, J. Appellant has appealed from a judgment of the county court of Cooke county, and appellee moves to dismiss the appeal because this court has not acquired jurisdiction. The facts upon which the motion was based are stated as follows:

On November 15, 1884, the commissioners' court of said county entered the following order: "It is ordered by the court that from and after the November term, 1884, of the county, civil, and probate court, the county court of Cooke county, Tex., shall hold but four terms a year for civil, probate, and criminal business, and that said terms shall be begun and held on the first Monday in January, April, July, and October of each year after and succeeding the above date; and it is further ordered that each of said terms so begun and held shall be for the purpose of disposing of the civil, probate and criminal business of said county during each of said sessions." On February 20, 1913, this order was entered: "That the terms of the county court for civil and probate business begin and be held on the first Mondays in April, June, August, October, December, and February, and may continue in session until the succeeding term begins, if necessary to dispose of the business on the docket, and the terms of said court for criminal business shall be held on the first Mondays in January, February, March, April, May, June, July, August, September, October, November, and December, of each year, and may continue in session until the succeeding term." The county court of said county during which the judgment in this case was entered convened its April term, 1913, on Monday, the 7th of said month. The cause was heard, and final judgment rendered for appellee against appellant during the term of court on April 21, 1913. Appellant's motion for new trial is shown by the transcript to have been overruled on May 10, 1913, and notice of appeal was given the same day, and the transcript shows the court's term ended on that date. The appeal bond was not filed until May 30th following. The contention of the appellee is that the term of the court expired by operation of law on Monday, May 5, 1913, being the first day of the May term of the court, as fixed by the last order above set out for criminal business, and that notice of an appeal after such expiration of the term was ineffective, and that the filing of the appeal bond on May 30th was more than 20 days after the expiration of the term. The propositions urged are that a court cannot hold two concurrent terms; that, when the county court, under the Constitution and law, and under the order of the commissioners' court, meets on the first Monday in each month, then the order last above quoted fixing the beginning of a term for criminal business on the first Monday in May ipso facto and by operation of law ends the April term on that date, and that therefore notice of appeal was given after the term of court had expired, when R. S. art. 2084, requires that such notice shall be given in term time, and that the appeal bond, not having been filed in time, did not give this court jurisdiction. The determination of this controversy depends upon the construction to be placed upon article 5, § 29, of the state Constitution, which is article 1776 of the Revised Statutes of 1911, and upon R. S. art. 1777.

[1] The order last above quoted was evi-

dently framed under article 5, § 17, of the Constitution, which provides that the county court shall hold a term for criminal business once in every month, as may be provided by law; but it is held in Kilgore v. State, 52 Tex. Cr. R. 447, 108 S. W. 662, that section 29, art. 5, of the Constitution, being adopted subsequently, controls section 17. Section 29, in so far as it is pertinent to this inquiry, provides: "The county court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the commissioners' court of the county under authority of law, and such other terms each year as may be fixed by the commissioners' court." It is held in Hughes v. Doyle, 91 Tex. 421, 44 S. W. 64, that this section of the Constitution is self-enacting and confers power upon commissioners' courts of the several counties to regulate the times of holding the terms of the county courts in their respective counties within the limits therein prescribed.

[2] Under this section of the Constitution, which we construe to do away with separate terms of the court for criminal business, the order of February 20, 1913, has the effect of providing for six terms of the county court for criminal as well as for civil and probate business. In other words, said order, in so far as it endeavors to fix a separate term for criminal business, is ineffective, and, by virtue of the language of the Constitution, the terms fixed for civil and probate business in said order are also terms for criminal business, and according to the terms of the order it shall begin on the first Mondays in April, June, August, October, December, and February, and may continue in session until the succeeding term begins, if necessary to dispose of the business, civil, probate, and criminal, then on the docket. Matthews v. State, 57 Tex. Cr. R. 328, 122 S. W. 544. Article 1777, R. S. 1911, is not clear as to the number of terms which the commissioners' court may order annually, but seems to provide that the court may order 6 terms, or, in any event, not more than 10 terms per year. The order of February 20th, supra, provides for 12 terms of the court for criminal business alone. We think, therefore, that the notice of appeal was given in term time, and the appeal bond filed within 20 days from the adjournment of the court.

The motion to dismiss is therefore overruled.