WELLS FARGO & CO.'S EXPRESS v. MITCHELL. (No. 615.)†

(Court of Civil Appeals of Texas. Amarillo. June 6, 1914.)

COURTS ⬡➾65—TERMS OF COURT — COUNTY COURT.

Under an order of the commissioners' court authorized by Const. art. 5, § 29, stating when the terms of the county court for civil and probate business shall begin, and providing that they may continue till the succeeding term begins, and stating when its terms for criminal business shall begin, and providing that they may continue till the succeeding term, a term for civil and probate business ends, as regards time for filing bond on appeal from a judgment rendered at such term, when the next term for criminal business begins.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 230–246; Dec. Dig. ⬡➾65.]

Huff, C. J., dissenting.

Appeal from Cooke County Court; R. V. Bell, Judge.

On rehearing. Reversed, and appeal dismissed.

For former opinion, see 165 S. W. 139.

Stuart, Bell & Moore, of Gainesville (H. L. Stuart, of Oklahoma City, Okl., of counsel), for appellant. Robt. E. Cofer, of Austin, for appellee.

HALL, J. At a former day of this term we overruled the appellee's motion to dismiss this appeal, and the case was considered upon its merits. On motion for rehearing appellee has called to our attention several authorities not presented in his original motion, and, after carefully reviewing them, together with the record, we have concluded that we were in error in overruling the motion to dismiss, and we therefore grant the rehearing, withdraw our opinion upon the merits, and dismiss the appeal.

The order passed by the commissioners' court of Cooke county on February 20, 1913, and set out in the opinion of this court in 165 S. W. 139, is substantially a reproduction of the order of the commissioners' court which was considered and held to be valid in Mo. Pac. Ry. Co. v. Graves, 2 Willson, Civ. Cas. Ct. App. § 676, and the Graves Case is approved by the Supreme Court in Hughes v. Doyle, 91 Tex. 421, 44 S. W. 65. In the last-named case Wilson v. State, 15 Tex. App. 150, is cited with approval, in which it is held that article 5, § 29, of the state Constitution authorizes the commissioners' court to provide for special terms of the county court for the transaction of criminal business alone. Under these authorities the term for criminal business in Cooke county began, according to the order of the commissioners' court, on May 5, 1913, and the April term for civil and probate business must be held to have been ended on that date, instead of on May 10th, as shown by the record. It follows, therefore, that the appeal bond filed on May 30th was too late, and confers no jurisdiction upon this court.

Our opinion reversing the judgment and remanding the cause for a new trial is therefore withdrawn and set aside, and the appeal is dismissed.

HUFF, C. J., dissents.