ELKINS v. HOULIHAN et al. (No. 8259.)

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1915. Rehearing Denied Oct. 16, 1915.)

APPEAL AND ERROR ⚖=784 — TAKING APPEAL —NOTICE OF APPEAL—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, providing that an appeal may be taken during the term at which final judgment is rendered by notice of appeal in open court within 2 days thereafter or 2 days after judgment overruling a motion for a new trial, and by filing an appeal bond as required by law within 20 days after the term, appellant, whose notice of appeal was not given before the last day of the term, and who filed no appeal bond within 20 days after the expiration of the term or at any time did not perfect his appeal so as to give the Court of Civil Appeals jurisdiction, and it will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3126, 3127; Dec. Dig. ⚖= 784.]

Appeal from Cooke County Court; R. V. Bell, Judge.

Action between R. P. Elkins and J. J. Houlihan and others. Judgment for Houlihan and others, and Elkins appeals. Dismissed.

Stuart, Bell & Moore, of Gainesville, for appellant. Davis & Davis and C. R. Pearman, all of Gainesville, for appellees.

On Motion to Dismiss Appeal.

BUCK, J. Appellees have filed their motion to dismiss this appeal, predicated upon the following grounds, to wit: First, that the judgment attempted to be appealed from was rendered December 31, 1914; second, that the December term of the county court of Cooke county ended on the day preceding the first Monday in January, 1915, which was January 4th of that year; third, that the motion for new trial was not acted upon

during the December term, nor was notice of appeal given during said term, as provided in article 2084, Vernon's Sayles' Texas Civil Statutes, nor was an appeal bond filed within the 20 days after the expiration of the term, as provided by law, in order to give this court jurisdiction.

Appellees cite in support of their contention the case of Wells Fargo & Co. Express v. Mitchell, which case is reported on the original hearing on motion to dismiss appeal in 165 S. W. 139. On this hearing the Court of Civil Appeals for the Seventh District overruled the motion to dismiss, but it appears from the motion of appellees and the written agreements of both appellees and appellant that, on motion for rehearing, the Amarillo court granted appellees' motion for rehearing, and dismissed the appeal. While neither appellees nor appellant cites us to the report containing the opinion of the court on this last-mentioned action, yet there appears attached to appellees' argument, in support of their motion to dismiss the appeal in this case, what purports to be a copy of the opinion of the Amarillo court on motion for rehearing, which we presume to be correct. Appellant concedes that the Wells Fargo Case is authority in support of appellees' motion, but urges that the majority of the court for the Seventh district, Chief Justice Huff dissenting, are in error in holding that the case of Hughes v. Doyle, 91 Tex. 421, 44 S. W. 65, and other cases cited on the motion for rehearing, support the conclusions reached. But, irrespective of the question discussed and the conclusions reached by the Amarillo court in the case cited, as to the authority of the commissioners' court to prescribe the number of terms of the county court which may be held in any year and the time when such terms shall begin and end, we are confronted with the statement in the caption of the transcript that the term of the county court of Cooke county in which this judgment was rendered was "a term of the county court begun and holden at Gainesville, Tex., and for the county of Cooke, before Hon. R. V. Bell, judge of said court, on the 7th day of December, A. D. 1914, and ending on the 31st day of December, A. D. 1914." Thus it will be seen that, irrespective of the question as to whether or not the December term of the county court might have been legally caused to continue over and beyond January 4, 1915, the only evidence before us is that said December term of the court ended December 31, 1914, and that no notice of appeal was given by appellant prior to said last day of the term, and no appeal bond appears in the record as having been filed within 20 days after the expiration of the December term, or at any other time.

Under such a state of the record, we hold that the appellant has not perfected his appeal so as to give this court jurisdiction, and therefore appellees' motion to dismiss is granted.

Appeal dismissed.