# MAY, 1919

### Ex Parte Frank Miller.

#### No. 5264.  Decided February 5, 1919.

#### Rehearing denied May 7, 1919.

**1.—Habeas Corpus—County Court At Law—Term of Court—Void Judgment.**

Where the relator contended that the judgment convicting him of an aggravated assault in the County Court At Law of Galveston, Texas, rendered September 12, 1918, was void for the reason that said court was not in session at the time said judgment was rendered, and therefore sought release from a warrant of arrest thereunder. Held, that under the Act of 1911, creating said court, and the different orders of the Commissions Court of Galveston County, said court was then in session and the relator is remanded to custody on the said warrant of arrest.

**2.—Same—Orders of Commissioners Court—County Court—Galveston County Court At Law.**

Where the Commissioners Court of Galveston County, Texas, entered an order in 1883, providing for four terms of the County Court of Galveston County, and to continue in session until the business of the term was disposed of, a subsequent order of said court, entered on the 7th day of August, 1911, fixing the terms of the County Court of Galveston County At Law, did not repeal by implication the proviso of the first order that they should continue in session until the business was disposed of, and there is nothing in said orders conflicting with the revised civil statutes, article 1776, and 1777, with reference to the power of the Commissioners Court to change and fix the terms of the County Court.

3.—Same—Statutes Construed—Order of Commissioners Court—Terms of County Court—County Court At Law.

The Act of 1911, creating the County Court of Galveston County At Law, under which the relator was convicted, provides that its terms shall be held as now established for the County Court, and thus fixed the terms of said County Court At Law for the dates and duration mentioned in the order of the Commissioners Court of said county, as then existing, and which provided that the court should continue in session until the business was disposed of.

4.—Same—Orders of Commissioners Court—No Conflict.

The order of the Commissioners Court of Galveston County relating to the County Court At Law, and entered August 7, 1911, purports to change only that part of the previous order of 1883, fixing the term of the County Court, which refers to the number of terms and the date on which they begin, but .does not specifically annul that part of said previous order permitting the term to continue until the disposition of its business, and the same is still in effect.

5.—Same—Statutes Construed—Orders of Commissioners Court.

The Act, creating the County Court At Law of Galveston County, passed in 1911, in express terms, adopts the provision made by the Commissioners Court of Galveston County, fixing the terms and duration of the terms of the County Court of said county, and this act, being a special law, affecting only said county, any ambiguity in the language used should be resolved in favor of the construction which will give it effect.

6.—Same—Orders of Commissioners Court—Statutes Construed—County Court At Law—County Court.

If the Commissioners Court of Galveston.County was without power to change the terms of the County Court At Law, except in connection with changing the terms of the County Court, then the terms of the County Court At Law would each extend until the business was disposed of, under the order of the Commissioners Court at the time the law creating the County Court At Law was passed, and if the Commissioners Court had the power to change the terms of the County Court At Law, without, at the same time, changing the terms of the County Court of Galveston County, then the order of August 7, 1911, would control, and the court was in session in either event, at the date of the relator's trial and conviction.

7.—Same—Statutes Construed—County Court—County Court At Law.

That part of the special act of the legislature of 1911 providing that the terms of the County Court At Law of Galveston County shall be as prescribed by the laws relating to county courts, does not operate under the facts of the instant case to limit each of the terms of the County Court At Law to three weeks duration, because it fixes the terms the same as those of the county court, and which did not end in three weeks, because the Commissioners Court under the Constitution and Laws had entered an order that the terms of the County Court should continue until the business was disposed of, and this order has not been annulled by the subsequent orders of said court.

Appeal from District Court of Galveston. Tried below before the Hon. Robert G. Street, Acting Judge.

Appeal from a writ of Habeas Corpus, denying the relator's application to be released from a warrant of arrest issued from a judg ment of conviction for aggravated assault on a plea of guilty in the

County Court of Galveston County At Law, denying said application for release, and remanding relator to custody.

The relator was charged, by complaint and information, with the offense of aggravated assault, in the County Court of Galveston County At Law, and on a plea of guilty, was convicted of said offense on the 12th of September, 1918, and his fine assessed at the sum of five hundred dollars and one year confinement in the county jail.

On the 24th of September, 1918, relator applied to District Judge Robert G. Street, Acting Judge of the Tenth Judicial District, for a writ of habeas corpus, claiming among other things that the order and judgment of said County Court of Galveston County At Law was void because entered in vacation and not in term time of the said County Court At Law, and was remanded to custody by said district judge after a hearing before said judge, and thereupon appealed to this court.

*T. C. Turnley,* and *V. E. Clark,* for relator:

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The relator was convicted of an offense on a plea of guilty in the County Court at law of Galveston County.

He sought release on an application for a writ of habeas corpus on the allegation that the judgment convicting him was void for the reason that the County Court at law was not in session but its term had ended at the time the judgment was rendered.

The statute creating the court contains the following: "The terms of the County Court of Galveston County at law shall be held as now established for the terms of the County Court of Galveston County until the same terms may be changed by the Commissioners Court." This Act was passed in 1911. The judgment was rendered on September 12, 1918.

It appears that the Commissioners Court of Galveston County made an order with reference to the terms of the County Court of Galveston County at law as follows: "It is ordered by the court that the terms of said court be and are hereby changed and that hereafter the terms of said court be and are fixed as follows:: The terms of said court shall begin on the first Monday in November, January, March, May and July of each year hereafter, until otherwise ordered by this court." This order was made August 7, 1911, In 1883 there were four terms of the County Court, beginning, by order of the Commissioners Court, on the first Mondays in February, May, August and November. In November of that year the number of terms were increased to six, and it was provided that they should continue in session until the business of the term was disposed of.

The statute provides (R. S., art.. 1776) that the terms of the County Court, unless otherwise fixed by the Commissioners' Court, may continue in session three weeks, and article 1777 is as follows: "The county commissioners' Courts of the several counties in this State may, at a regular term thereof, by an order entered upon the records of said courts, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the time at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of said terms; provided, that, when the Commissioners' Court shall have fixed the number of terms of the County Court by an order entered of record, said court shall not change the number of terms of the County Court for one year from the date of entry of the original order fixing the terms of the County Court."

If we properly comprehend the point that the relator makes, it is, that in fixing the terms of the County Court of Galveston County at law, that the order of the Commissioners Court names the beginning but fails to name the ending of each of the terms, that looking to the statutes quoted and referred to, these terms would expire, each of them, at the end of three weeks, and that more than three weeks having expired after the beginning of the July term at which the relator purports to have been tried, that at the date of his trial that term had expired by operation of law; and that the order of the Commissioners Court providing that the terms of the County Court of Galveston County might continue until the business was disposed of, would have no application to the terms to be held by the county court of Galveston County at law.

As we understand the record, at the time the Act creating the County Court of Galveston County at law was passed, the terms of the County Court of that county, as they had been established by the Commissioners Court, under authority of the Constitution and statute, began on the third Monday of each of the months, January, March, May, June September and November and could continue in session until the disposition of its business. The Act creating the court in which the relator was convicted, providing that its terms should "be held as now established for the County Court," fixed the terms of the County Court at law for the dates and duration mentioned above as relating to the County Court. If this rule continued in force, the date of relator's trial would have fallen within one of these terms. The meaning of the words of the statute creating the court in question, "until the same terms may be changed by the Commissioners' Court," is not quite clear. If it is to be construed as meaning that the terms of the County Court at law are to be the same as the terms of the County Court, until the latter are changed, then the terms of the County Court at law would

be those terms, as above indicated, the terms of the County Court not having been changed by the Commissioners' Court since the Act of 1911 was passed. If the language mentioned is to be construed as meaning that the terms of the County Court at law remain the same as those of the County Court were at the time the statute was passed, until the Commissioners Court shall change the terms of the County Court at law, the order of the Commissioners Court fixing the dates on which the County Court at law shall begin, and not when they shall end, should be construed as permitting each term of that court to remain in session until the time for the succeeding term to begin.

We believe this correct for the reason that the order of the Commissioners Court relating to the County Court at law, purports to change only the part of the previous order fixing the term of the County Court, which refers to the number of terms and the date on which they begin.

This order not specifically annulling the part of the previous one permitting the terms to continue until the disposition of its business, we think, should not be construed as annulling it by implication. Particularly is this true, in view of the legislative intent in enacting the statute creating the County Court at law, to afford greater facilities for the disposition of business, and a holding that the general statute limiting the duration of the terms of the County Court to three weeks, when not otherwise provided, would tend to contradict the purpose in view in the passage of the law.

The Act of the Legislature in express terms adopts the provision made by the Commissioners Court fixing the terms and duration of the terms of the County Court of Galveston County, and the act being a special law affecting only that county, in terms, the ambiguity in the language used should be resolved in favor of the construction which will give effect, rather than which will unduly limit or defeat its purpose.

From the views expressed it follows that the judgment refusing the relief should be affirmed, and it is so ordered.

*Affirmed.*

ON REHEARING.

May 7, 1919.

MORROW, JUDGE.—The special Act of the Legislature in question contains the following: ''The terms of the County Court of Galveston County at law and the practice therein and appeals and writs of error therefrom shall be as prescribed by laws relating to the County Court. The terms for the County Court of Galveston County at law shall be held as now established for the terms of the County Court of Galveston County until the same terms may be changed

by the Commissioners Court." In the year 1911, when this act was passed, the terms of the County Court of Galveston County were six in number, beginning respectively on the third Monday in January, March, May, June, September and November each term continuing in session until the business was disposed of. The language of the Act in question adopted these terms as applicable to the County Court at law. The terms of the County Court have not been changed since that time. If the Commissioners Court had the power to change the terms of the County Court at law without at the same time changing the terms of the County Court of Galveston County, then the order of August 7, 1911, which is quoted in the original opinion, had the effect of prescribing that there should be but five terms of the County Court at law, beginning respectively on the first Monday in January, March, May, July and November, and continuing in session until the business was disposed of. If the Commissioners Court was without power to change the terms of the County Court at law except in connection with changing the terms of the County Court, then the terms of the County Court at law would consist of six terms, each extending until the business was disposed of; and in either event the date of relator's trial was in term time.

The part of the special Act providing that the terms of the County Court at law shall be as prescribed by the laws relating to County Courts, does not operate under the facts of this case to limit each of the terms of the County Court at law to three weeks duration for the reason that the Act also at the time of its passage fixed the terms the same as those of the County Court, which did not end in three weeks under the laws of the State, because the Commissioners Court had entered an order which by the law it is empowered to enter providing that it shall continue until the business is disposed of, and that part of the order of the Commissioners Court which so provides has not been annulled.

We do not agree with the contention of the relator that the order quoted in the original opinion, fixing the beginning days of the County Court at law would, by implication, annul the order in existence prescribing that the terms should continue while the business lasted.

For the reasons stated, the motion for rehearing is overruled.

*Overruled.*