## MOORE et al. v. METTAUER.
### No. 2780.

Court of Civil Appeals of Texas. Beaumont.
Feb. 27, 1936.

Rehearing Denied March 11, 1936.

Mantooth & Denman, of Lufkin, Seale & Thompson, of Nacogdoches, and W. O. Seale, of Lufkin, for appellants.

Collins & Fairchild and R. C. Musslewhite, all of Lufkin, for appellee.

COMBS, Justice.

Appellants were defendants and appellee plaintiff in the court below, and we will so designate the parties. On September 23, 1927, plaintiff, Mettauer, executed and gave to B. F. Moore a check drawn on the defendant Lufkin National Bank for $500. About ten days later Mr. Moore reported to Mr. Mettauer than he had lost or misplaced the check, and requested Mr. Mettauer to give him another one for a like amount. Knowing Mr. Moore to be reliable, Mettauer gave him another check; the second check being drawn on the Chi-

reno State Bank. That check was presented and paid. About sixteen months later B. F. Moore died, and a few days after his death a son, the defendant E. W. Moore, came in possession of the check drawn on the defendant Lufkin National Bank, and on January 28, 1929, he presented it to the bank and the bank cashed it. This suit was brought in the county court of Angelina county by Mettauer against E. W. Moore and the bank; the nature of the suit against Moore being for the wrongful presentation and collection of the check, and the suit against the bank being for its alleged negligence in cashing it. In addition to E. W. Moore, the other children of the deceased, B. F. Moore, and also the administrator of the B. F. Moore estate, were made defendants on the theory that they participated in the benefits of the proceeds of the check. The bank alleged numerous defenses which it is unnecessary to here enumerate because of the disposition which we find it necessary to make of its appeal.

Upon the jury's answers to special issues, the trial court entered judgment against E. W. Moore and the bank jointly and severally for $650. Plaintiff recovered nothing against the other 'Moore children and the administrator of the Moore estate. The bank and E. W. Moore filed separate appeal bonds.

After the filing of the appeal in this court, Mettauer filed a motion to dismiss the appeal of the Lufkin National Bank on the ground that its appeal bond was not filed in time. The judgment was rendered on September 29, 1934, and the bank gave its notice of appeal on that date. Its appeal bond was filed November 14, 1934, more than 20 days after notice of appeal was given. By order of the commissioners' court of Angelina county, adopted at a regular term in January, 1933, the terms of the county court were fixed to convene on the first Monday in February, May, August, and November of each year, and remain in session for 12 weeks. That order has not been 'changed, and the term at which this suit was tried was held pursuant to it.

It is apparent that, if the order of the commissioners' court providing terms of more than 8 weeks duration for the county court of Angelina county was valid, then the bank's appeal bond was filed too late. Article 2253, Vernon's Ann.Civ.St.

As we interpret the reply of counsel for the bank to the motion to dismiss the appeal, its contention is that, since the order of the commissioners' court in question provided only for the minimum of four terms per year for civil and criminal business required by the Constitution, it was without power to provide for a longer term than the 3 weeks mentioned in the proviso appended to section 29 of article 5 of the Constitution, and that as a consequence the judgment in this case sought to be appealed from is a nullity; it not having been rendered at a time when the county court of Angelina county might legally be in session. The section of the Constitution above referred to is as follows:

Article 5, § 29, Constitution of Texas: "The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners' Court; provided, the Commissioners' Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August, and November, and may remain in session three weeks."

It will be observed that the Constitution clearly vests in the commissioners' court of a county "under authority of law" the power to provide for the holding of the minimum four terms required and such other terms as it may fix. It will be noted also that the provision to the effect that the terms shall be held on the first Mondays in February, May, August, and November, and "may remain in session three weeks," is plainly intended to fix the times for the holding of said terms only "until otherwise provided." We think it also plain that the further statement in the same sentence "and may remain in session three weeks" is subject to the same proviso. The statute specifically empowers

the commissioners' court to fix the number of terms of county court, the time at which each shall meet, and the length of each term. See Article 1962, Vernon's Ann. Civ.St. Terms of the county courts fixed by appropriate orders of the commissioners' court to extend for more than 3 weeks have been repeatedly held by our courts to be valid. See Wells Fargo & Co.'s Express v. Mitchell (Tex.Civ.App.) 176 S.W. 818; Id. (Tex.Civ.App.) 165 S.W. 139; Farrow v. Star Insurance Co. (Tex.Civ. App.) 273 S.W. 318; Ex parte Miller, 85 Tex.Cr.R. 263, 211 S.W. 451. While it is true that in the cited cases the precise question here presented was not discussed, and probably was not specifically raised, yet it was necessarily involved in the decision of the cases for the reason that in each instance the order of the commissioners' court involved provided for a term of more than 3 weeks.

We do not think it material that the order of the commissioners' court involved here fixed the commencement of the four terms of county court at the same time named in the constitutional proviso; that is to say, on the first Mondays in February, May, August, and November of each year. The controlling point is that the commissioners' court assumed its constitutional prerogative of fixing the terms of court, and hence the order of the commissioners' court, and not the constitutional proviso, governs both as to the time of the convening of the county court and the length of the term.

Since it is our conclusion that the order of the commissioners' court of Angelina county fixing the term of court at which this suit was tried at 12 weeks in duration was valid, it necessarily follows that the motion to dismiss the appeal of the Lufkin National Bank must be sustained.

This leaves before us only the appeal of E. W. Moore. The appellant Moore insists that the trial court erred in overruling the plea in abatement filed by himself and the other B. F. Moore heirs and the administrator of the B. F. Moore estate wherein it was urged that the claim sued upon had never been presented to and disallowed by the administrator of the estate. It is a sufficient answer to such contention, we think, to say that whether the court's ruling on the plea in abatement was correct or not is immaterial. Appellee did not recover against the B. F. Moore estate nor any of the B. F. Moore heirs as such. Appellant E. W. Moore was liable on the record before us, for the reason that, according to his own admissions, he received the proceeds of the check. According to his testimony, he turned over to his counsel the $500 paid to him by the Lufkin National Bank to be held pending a determination of this suit, because, as he said, it was not his intention that the bank should lose anything by reason of having cashed the check. Clearly, he has not returned the money to the bank or to appellee, Mettauer, and the trial court properly rendered judgment against him.

We have carefully considered all of appellant's assignments, and conclude that none presents reversible error.

The judgment of the trial court against the appellant E. W. Moore is in all things affirmed. It is the further order of the court that the appeal of the Lufkin National Bank be dismissed. It is further ordered that the costs of this appeal be apportioned between the appellant E. W. Moore and the Lufkin National Bank, to the extent incurred by them respectively.

O'QUINN, J., dissents.