## EX PARTE S. E. WILLIAMS.

No. 22719. Delivered October 27, 1943.
Rehearing Granted November 24, 1943.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant sought his discharge under a writ of habeas corpus in the District Court of Upshur County. He alleges in his application for a writ of habeas corpus that he is held by the sheriff of Upshur County by virtue of a capias pro fine issued by the County Clerk of Upshur County in cause No. 4943, in which cause appellant was convicted of possessing intoxicating liquor for the purpose of sale in a dry area and where conviction was had and sentence fixed at confinement in the county jail for 90 days. He alleges that the judgment of conviction occurred on the 10th day of November, 1942, and that on such day the county court of Upshur County was in vacation and consequently the conviction was void. Upon a hearing in the district court, he was remanded to custody of the sheriff for the purpose of serving his sentence.

An order fixing the terms of the county court was passed on March 16, 1933, which remained in effect until the second order was passed on the 10th day of February, 1941. A third order fixing the terms of the county court was dated February 9, 1942, which lacked one day of being a year after the date of the second order. The record further discloses that the first order contained a provision to continue the court for criminal business "until Saturday night ending at twelve o'clock prior to Monday of the succeeding term; provided that said court shall remain open at all times for probate business." It is also observed

that the second order (dated February 10, 1941) merely says, "Motion made and carried that County Court be set on third (3rd) Monday in February, May, August and November, 1941." The third order (dated February 9, 1942) contains a provision fixing the dates of the terms which reads: "Motion made, seconded and carried that County Court for criminal procedure be continuous from term to term during 1942."

Appellant has filed no brief in this case and we are not advised on what grounds he seeks to sustain the contention that court was on vacation on November 10, 1942, the date of the judgment from which appellant seeks his release. The first question attracting our attention is controlled by the Constitution, Article 5, Sec. 29, and by Revised Civil Statute, 1925, Art. 1962. The section of the Constitution referred to prohibits the commissioners' court from making any change in the terms of the county court until after the expiration of one year. Article 1962 was originally enacted in 1885, S. B. 235 (Chap. 55, page 53) and, as originally enacted, "provided that when the commissiners' court shall have fixed the number of terms of the county court by an order entered of record said court shall not *change the number of terms* of the county court for one year from the date of the entry of the original order fixing the terms of the county court."

In construing the provisions of the Constitution and the statute as it was originally enacted, Judge Davidson said (Frickie v State 51 S. W. 394—dated May 31, 1899): "As we understand the object of the constitution, as well as the statutes, a change in the terms of the court—that is, the time of holding said terms—shall not occur within the year. If the second order had provided that either of the terms of the county court should take place within 12 months from the date of the entry of the first order, the contention of appellant would be sound; but the statute, in our opinion, does not refer to the date of the entry of the order, but to the time at which the court will be held under said order."

Under the foregoing, it will be observed that the order was held valid in that case because of the language of the statute in effect at the time which said that the "terms" of the court shall not be changed within the year. The codifiers of 1925 changed the article to read as follows "the court shall not change the *order* before one year from the date of entry of the original order fixing such terms." It appears that the codifiers had in mind the construction which had been given to the provisions

of the statute and that they sought to, and did, make the law more definite than it appeared in its original language. We have concluded that the Frickie case no longer applies and that the order of the commissioners' court of Upshur County made on February 9, 1942, is void.

The next question which has come to us is upon the construction of the second order of the commissioners' court, the valid order which now fixes the terms of court. Apparently, the full order is not in the record before us, but only a docket entry. Whether this be correct or not is immaterial. There is nothing in the record to show that the county court was on vacation on November 10, 1942, the date of the trial of appellant in that court. By its very nature, we do not expect to find the question to have arisen in the courts with any great frequency. However, it has been considered in Ex Parte Miller 211 S. W. 451. Judge Morrow discussed a very similar question to that which presents itself to us in construing the effect of the order of the commissioners' court of February 10, 1941, which changed only the dates for the beginning of the terms and does not seem to have attempted to make any change in the duration of the terms as fixed in 1933. Following the reasoning in the Miller case, the construction should be given to the order of February 10, 1941, that it only changed the beginnings of the terms and left in effect that part of the previous order which said that court should remain in session for criminal business until Saturday night at twelve o'clock prior to Monday, the beginning date of the succeeding term. This opinion was apparently endorsed in a consideration of a similar question by the Court of Civil Appeals at Beaumont, in Moore et al v. Mettauer, 91 S. W. (2d) 841. It was definitely reconsidered with approval in an opinion by Judge Christian in Ex Parte Bills, 111 S. W. (2d) 269. We think the reasoning is sound and the effect of the record is to show that the county court was in session on November 10, 1942, not by reason of the third order but by reason of the two previous orders.

Having disposed of the only questions which appear to be in the case in this manner, we have concluded that the judgment of the trial court should be, and it is, hereby affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We have given further consideration to the order of the Commissioners' Court dated February 10, 1941, which was in effect

during the year 1942, and, having doubts about the applicability of Ex Parte Miller, supra, we conclude that this order must be construed as having no further effect than to fix the dates at which the terms of court begin. The Constitution and statute referred to will, in such case, determine the length of each term. This being true, the court was not in session on November 10, 1942, and the judgment entered against appellant is void.

It was observed in the original opinion that the full order, of date February 10, 1941, was apparently not before us. We are unable, however, to supply anything not in the evidence in the record and must construe the language of that order as it appears. We may not look to the intention of the Commissioners' Court except as the language of the order, itself, reveals that intention. It follows that appellant's motion for rehearing is granted, the judgment of the trial court is reversed, and the relator discharged.