### EX PARTE FRANK COLE.

No. 3896.        Decided March 20, 1907.

**Constitutional Law—Special Term of County Court.**

Where a defendant was convicted on a plea of guilty in a misdemeanor, under article 572, Code Criminal Procedure, during a special term of the county court called by the county judge. Held, that said article is unconstitutional and said

special term was not authorized by law under the Constitution. Brooks, Judge, dissenting.

Appeal from the County Court of Lamar. Tried below before the Hon. Leslie L. Hardison.

Appeal from a habeas corpus proceedings asking release on commitment on a plea of guilty of a violation of the local option law, and a judgment assessing a fine of $100 and sixty days in the county jail, during a special term of the county court.

The opinion states the case.

*M. J. Hathaway* and *D. K. Fooshe,* for appellant.—Burns v. La-Grange, 17 Texas, 415; Spence v. San Antonio, id., 44; Doss v. Wagoner, 3 Texas, 515.

*F. J. McCord,* Assistant Attorney-General, for the State.—Railroad Company v. Graves, 2 vol. Willson Civ. Cases, sec. 677.

HENDERSON, JUDGE.—This is an appeal from the judgment of the lower court in a habeas corpus proceeding. It appears that appellant plead guilty to a misdemeanor over which the county judge had jurisdiction at a special term of the county court, and the contention is that this was not a term authorized by law, and consequently no plea could be entered on such occasion and no judgment rendered against appellant; that is, that the conviction out of term time was absolutely null and void. This brings in review the power of the county judge to hold a special term of his court as was here held; that is, we understand from the proceedings before us that it is not claimed that this was a regular term of the county court in Lamar County. The evidence shows that the commissioners court of said county fixed the June term of court to begin on the 3rd Monday, which was on the 18th of June, 1906. These judgments were rendered on June 5th, and they are not signed or approved by any judge of the county court, and the oral testimony, which was introduced over appellant's objection, shows that the county judge held a special term of the county court on June 5th, and that appellant appeared before him and plead guilty in the cases in which the judgments were rendered. Article 572, Code Criminal Procedure, which was passed by the Legislature of 1891, provides, as follows: "When any person charged with a misdemeanor in the county court shall desire to make speedy disposition of his case upon a plea of guilty, without the intervention of a jury, the county judge shall be authorized and permitted to hold a special session of the court to dispose of such cause; and in such case the court being in session, the county judge may hear and determine such plea of guilty and assess the punishment in like manner as if the defendant had been convicted at a regular term, and the same shall be duly entered of record in the minutes of the court and

the same proceedings shall be had to enforce the judgment as in other cases in the county court." In this connection, we call attention to the provisions of our Constitution, which authorizes the holding of terms of the county court. Section 17 of article 5, provides: "The county court shall hold a term for civil business at least one in every two months, and shall dispose of probate business, either in term time or vacation, as may be provided by law, and said court shall hold a term for criminal business once in every month, as may be provided by law," etc. Section 29 provides: "The county court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the commissioners court of the county under authority of law, and such other terms each year as may be fixed by the commissioners court, provided the commissioners court of any county having fixed the times and number of terms of the county court shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the county court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks." If there are any other provisions of the Constitution bearing on this question, same have not been called to our attention, nor has any legislation, under section 17, supra, been called to our attention, but the legislation on this subject seems to have been enacted under section 29, this last section having been adopted in September, 1883. It will be seen, from an inspection, that neither of these provisions, however, contain any authority for a special term of the county court, and the language used would seem to exclude such special term. Section 17 provides that the county court shall hold a term for criminal business once in every month, as may be provided by law; this would seem to apprehend regular terms. Section 29, while it requires the county court to hold at least four terms for both civil and criminal business annually, these terms must be provided by the Legislature or by the commissioners court under authority of legislation, and such other terms as may be fixed by the commissioners court. While the commissioners court would have authority under this to fix terms, it would occur that they must be regular terms of court, and do not refer to special terms, especially when these are called by authority of the county judge merely. This construction is strengthened when we refer to other provisions of the Constitution, which authorizes special terms of the district court. See section 7.

We note that the Assistant Attorney-General, in support of the proposition that the county judge is authorized to hold a special term of his court, refers to Hughes v. Doyle, 44 S. W. Rep., 64. It is sufficient to say that the question here presented was not before the court in that case. It was merely held in that case that the com-

missioners court had authority, within the limitations prescribed by the Constitution, to change the time of the regular terms of the county court independent of legislative action. The court says in that case: "The real question is whether or not this section of the Constitution (that is, section 29) is self-executing, and empowered the commissioners court to change the time for the regular terms of the county court, independent of any action by the Legislature, and this question, together with the question of the validity of the judgment which appellant seeks to have enjoined, and which depends upon the decision of this question, the court of civil appeals for the third supreme judicial district of Texas, and the chief justice of said court, certify to the supreme court for decision." Says the court: "We are of opinion that the section of the Constitution referred to in the statement conferred power upon the commissioners court of the several counties in this State to regulate the times of holding the terms of the county courts in their respective counties, within the limitations therein prescribed." There was no question of special terms of said court involved in said decision, especially such a term as is authorized by article 572 of our Code of Criminal Procedure. In said case the opinion of this court in Wilson v. State, 15 Texas Crim. App., 150, is cited with approval. In that case Judge Willson says: "We think the four terms annually that are required by the amendment must be for both civil and criminal business, and it would be beyond the power of the commissioners court to provide otherwise with reference to at least four terms annually of the county court. But this limitation of power upon the commissioners court extends no further, and it is expressly provided that said court may provide other terms of the county court, not other terms for both civil and criminal business, but generally other terms, thus conferring specifically and fully upon the commissioners court the power to fix and regulate all other terms of the county court, except the four terms annually for both civil and criminal business." We think this language is very apt with reference to the point now before us; that is, the power to fix other terms by the constitutional provision in question is lodged in the commissioners court, thus excluding any power in the county judge to fix any term. We accordingly hold that under section 29 of the Constitution, the power of the commissioners court on the subject is exclusive, and the Legislature is not authorized to clothe the county judge with authority to hold a special term as fixed by him. Without discussing whether or not it was intended by the amended article, section 29, to repeal section 17, in our view said section does not authorize the Legislature to empower the county judge to call special terms of his court. The language in section 17, "and said court shall hold a term for criminal business once in every month, as may be provided by law," in our opinion, relates to such regular terms as may be provided by law, and article 572 does not refer to such regular terms, but refers solely to special terms called for a specific purpose. We accordingly hold that

article 572 is unconstitutional; that is, it is beyond the power of the Legislature to authorize county judges to call indiscriminately special terms at any time to suit themselves in order to take pleas of guilty. Of course, before this can be done, there must be a term of the court, and such a term as is authorized by law.

Accordingly we reverse the judgment of the lower court, and order that the relator be discharged.

*Relator discharged.*

Brooks, Judge, dissents.