EX PARTE FRANK COLLINS.

No. 4050. Decided April 26, 1916.

**Habeas Corpus—Carrying Pistol—Special Term of County Court.**

Where defendant was convicted of unlawfully carrying a pistol and was placed upon the public road to work out his fine, and thereupon sued out a writ of habeas corpus asking that he be discharged on the ground that he had been convicted at a term of court unauthorized by law, and it appeared from the record that the county judge called a special term of the county court at which defendant entered the plea of guilty. Held, that while Article 583, Code Criminal Procedure, providing for the call of special term is unconstitutional, yet relator is not entitled to a discharge and must be held by virtue of the warrant of arrest issued on the indictment. Following Ex parte Cole, 51 Texas Crim. Rep., 166, and other cases.

Appeal from the County Court of Shelby. Tried below before the Hon. S. H. Truitt.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Sanders & Sanders,* for appellant.—Cited cases in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Relator was indicted by the grand jury, charged with unlawfully carrying a pistol. He was arrested and entered a plea of guilty, and was fined $100 at a special term of the County Court, called by the county judge.

He was placed on the public roads and put to work, when he sued out a writ of habeas corpus asking that he be discharged, on the ground that he had been convicted at a term of court unauthorized by law. The county judge granted the writ, and upon hearing the cause it was proven that the Commissioners Court of Shelby County, by order entered to that effect, had provided for only four terms of the County Court annually, to convene on the first Monday in January, April, July and October, and last only four weeks. That the January term had adjourned when the plea of guilty was entered on March 14th, and the next regular term would not convene until the first Monday in April. The county judge, acting under article 583, Code of Criminal Procedure, called a special term and accepted the plea of guilty, and entered the judgment on March 14th. The contention is made that this article of the Code is unconstitutional and void, and, therefore, it gave the county judge no authority to call a special term of the County Court. We do not care to enter into a discussion of the question

again. In the case of Ex parte Cole, 51 Texas Crim. Rep., 166, re-lator's contention was sustained, and that provision of the Code de-clared unconstitutional. Our Supreme Court has also held that, under the Constitution, the Legislature can not empower the county judge to call special terms of the County Court for civil and criminal busi-ness. Ex parte Reeves, 100 Texas, 617. Thus it is seen that both courts of final resort in this State have heretofore held the Act under which the county judge acted in calling a special term of his court unconstitutional. By reading section 29 of article 5 of the Constitu-tion, it seems that if more than four terms of County Court for civil or criminal business is held, it must be done under authority of the Commissioners Court of the various counties.

However, while relator is entitled to be discharged from the custody of the county road superintendent, as the judgment under which he is held by that officer is void, yet he is not entitled to be discharged from custody. He has been arrested under a valid indictment, and the county road superintendent will deliver him to the sheriff of Shelby County, to be held by him under and by virtue of the warrant of arrest issued on the indictment.

Relator is, therefore, relieved of confinement on the judgment, but will be held by the sheriff under the indictment.

The judgment is reversed and relator ordered delivered to the sheriff of Shelby County, Texas.

*Reversed with instructions.*