## FARROW v. STAR INS. CO. OF AMERICA et al. (No. 223.)

(Court of Civil Appeals of Texas. Waco. May 14, 1925.)

1. Set-off and counterclaim ⟂34(2)—Exception to cross-bill, based on damage for arrest as set-off to contractual award, properly sustained.

Plaintiff contracted on May 13th, in L. county, to pay her attorney as fees one-half the amount recovered from an insurance company in an impending suit. On his intervention for fees out of the sum recovered, plaintiff entered a cross-bill on August 4th, claiming damages for her imprisonment in McL. county after July 24, held that the plaintiff's claim for damages, not being incident to intervener's cause of action, an exception to the cross-bill was properly sustained under Rev. St. arts. 1329, 1330.

2. Courts ⟂61—County commissioners' court has authority to fix extra terms for county courts.

Commissioners' court of Limestone county has authority to provide for 12 terms of the county court annually, beginning the first Monday in each month, under Const. art. 5, § 29, as incorporated into Rev. St. art. 1776, under which the minimum number of terms is four annually.

3. Courts ⟂62—Statute limiting terms of county courts to six held unconstitutional.

Rev. St. art. 1777, in so far as it provides that the county commissioners' courts may provide for more terms of the county court above the four provided by Constitution, but "not to exceed six annually," is void, as violating Const. art. 5, § 29, which provides that the county commissioners' courts shall fix the number of extra terms held annually.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by Mrs. Mattie Farrow against the Star Insurance Company of America and others, in which Ben F. Cone intervenes. From a judgment for defendants, in so far as it allowed a recovery by intervener, plaintiff appeals. Affirmed.

Rennolds & Rennolds, of Mexia, for appellant.

Robt. M. Lyles and L. W. Shepperd, both of Groesbeck, for appellees.

STANFORD, J. This suit was brought by appellant against appellee insurance company, to recover on a fire insurance policy for $600, and appellee J. L. Thompson, who claimed an incumbrance on the property destroyed for $125, and in his answer claimed also an assignment in said policy to the extent of $100 to secure money loaned to appellant. The suit was filed by Ben F. Cone as attorney for appellant. After the suit was filed, the appellee insurance company admitted its liability and deposited said $600 in the registry of the court, whereupon appellant sought to dismiss her suit against the insurance company. Appellant's attorney then intervened in said suit and sought to recover on a written assignment a one-half interest in said $600 as attorney's fees. Appellant replied to said plea of intervention, alleging said suit was brought contrary to her wishes and J. L. Thompson was made a party over her objections; that her said attorney agreed to represent her for $25 if collected without suit and $50 if collected by suit; that, if she signed said assignment, her signature was obtained by fraud; that her said attorney had failed to perform the services he had agreed to perform, etc.; and that the consideration for same had failed, etc. L. H. Walters intervened, claiming an assignment in the proceeds of said policy to the extent of $125. The case was submit-

ted to the jury on special issues, which issues and the answers of the jury thereto are as follows:

"Special Issue No. 1: Did the plaintiff, Mattie Farrow, enter into a contract and agreement with intervener, Ben F. Cone, whereby the said Mattie Farrow agreed to give the said Ben F. Cone, in consideration of his legal services in prosecuting this suit, one-half of whatsoever sum he should recover for her upon a policy of fire insurance sued upon herein? Answer 'Yes' or 'No.'"  Answer: "Yes."

"Special Issue No. 2: Did the said Ben F. Cone defraud, deceive, or mislead the plaintiff, Mattie Farrow, and thereby induce her to execute the assignment from the said Mattie Farrow to the said Ben F. Cone, assigning to said Cone one-half interest in the proceeds of the insurance policy sued upon herein, and which assignment has been introduced in evidence, without knowing the contents of said instrument?  Answer 'Yes' or 'No.'"  Answer: "No."

On said findings, the court entered judgment awarding appellant a recovery against the insurance company for $600, also awarding J. L. Thompson $225, B. F. Cone $300, and L. H. Walters $125, and directing that the amounts awarded the last three named parties be paid by the clerk out of the $600 in the registry of the court. Appellant makes no complaint of any part of the judgment except the part awarding intervener Ben F. Cone the recovery of $300.

· Opinion.

[1] Under her first assignment, appellant complains of the action of the court in sustaining exceptions to her cross-bill against intervener, Ben F. Cone. The record discloses that the contract executed by appellant, assigning to Ben F. Cone one-half of whatever recovery might be had against the insurance company, was executed May 13, 1924, at Mexia, Tex. The suit was filed by Ben F. Cone, as attorney for appellant, against the insurance company May 26, 1924. On June 5, 1924, appellant wrote the clerk of the county court, asking him to dismiss the case, stating she had not authorized the suit to be filed. On June 24, 1924, Ben F. Cone intervened, seeking a recovery on his contract of assignment. On August 4, 1924, appellant filed her amended answer and cross-bill to Ben F. Cone's plea of intervention, and in said cross-bill alleged, in substance, that soon after July 24, 1924, said intervener, Cone, had her and her witness arrested at Waco, in McLennan county, Tex., and put in jail at Waco; that said prosecution was malicious; that she had suffered great humiliation, etc.; and prayed for $350 damages against intervener, Ben F. Cone. The trial court sustained an exception to this cross-bill, and in this we think the court was correct. Intervener's cause of action was founded upon a written contract dated May 13, 1924, executed and performable in Limestone county, and was a liquidated demand. Appellant's cross-bill or counterclaim was founded upon a tort, alleged to have been committed about July 24, 1924, in McLennan county, Tex., and was for an uncertain and unliquidated demand, and, as appears upon its face, it did not grow out of, was not incident to, or connected with, intervener's cause of action. Articles 1329 and 1330, Revised Statutes; Pittman v. Keith et al. (Tex. Civ. App.) 24 S. W. 88.

[2] Under her twelfth assignment, appellant contends that the judgment rendered herein is void, in that it was rendered at a time unauthorized and excluded by law. The term of the county court at which this case was tried began September 1, 1924, and ended on October 4, 1924, the judgment being rendered October 2, 1924. The record discloses that the commissioners' court of Limestone county, at a regular session, adopted an order, providing, in effect, that a term of the county court shall be held in said county beginning on the first Monday in the months of January, February, March, April, May, June, July, August, September, October, November, and December, which terms shall continue in session until the end of the week last preceding the first Monday in the next month, thus providing for twelve terms of the county court. Appellant contends the commissioners' court had no authority to provide by order for more than two terms in addition to the four provided by the Constitution, or six in all, and so, if the first term began in January, and one held every month, there could be no regular term in September or October, when this case was tried. Section 29, art. 5, of the Constitution, provides:

"The county court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the commissioners' court of the county under authority of law, and such other terms each year as may be fixed by the commissioners' court," etc.

[3] In 1883, the Legislature adopted, verbatim, the above section of our Constitution, and the same is now article 1776 of our statutes. In 1885, the Legislature enacted article 1777, providing, in effect, that the commissioners' court may create other terms of a county court in addition to the four provided for by the Constitution, at a regular term of said commissioners' court, and by an order entered upon the minutes of said court, but undertaking to limit the total number of terms of said county court to six terms annually. The part of this statute undertaking to limit the number of terms to be held annually to six is void, because in conflict with section 29, art. 5, of our Constitution. It will be observed the above section of our Constitution provides the county court shall hold at least four terms annually,

as may be provided by the Legislature or by the commissioners' court of the county under authority of law, and such other terms each year as may be fixed by the commissioners' court. It will be observed the Legislature is not authorized to create additional terms, nor to limit the number of terms the commissioners' court may create, but only to provide for the four terms created by the Constitution, and the commissioners' court is likewise authorized to provide for said four terms, "and (the county court shall hold) such other terms each year as may be fixed by the commissioners' court," without any limitation. The commissioners' court had the right to fix the number of terms of the county court annually in Limestone county, subject only to the constitutional provision that there shall be at least four terms of said court. Section 29, art. 5, Constitution of Texas; article 1776, Revised Statutes; Hughes v. Doyle et al., 91 Tex. 421, 44 S. W. 64; Ex parte Cole, 51 Tex. Cr. R. 166, 101 S. W. 249; Ex parte Reeves, 100 Tex. 617, 103 S. W. 478; Ex parte Collins, 79 Tex. Cr. R. 436, 185 S. W. 580.

We have carefully considered all of appellant's assignments, and, finding no reversible error, overrule same and affirm the judgment of the trial court.