## EX PARTE FARENCE JONES.

No. 19369.   Delivered October 13, 1937.
Appeal Reinstated November 10, 1937.
State's Rehearing Denied December 22, 1937.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Wm. J. Fanning,* County Attorney, of Sulphur Springs, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant sought release from the custody of the sheriff of Hopkins County through habeas corpus

proceedings, and was remanded to custody. Hence this attempted appeal.

It appears from the transcript that the proceedings were had in vacation. The transcript is bare of any certificate of the district judge. Art. 857, C. C. P., provides, in substance, that in an appeal from an order of the judge made in a habeas corpus proceeding had in vacation the transcript must be certified by the trial judge. This requirement has been held mandatory. Ex parte Shaffer, 92 S. W. (2d) 250, and authorities cited. The failure to comply with the statute necessitates a dismissal of the appeal.

The appeal must be dismissed for the further reason that no notice of appeal is shown in the record.

Appellant has filed a motion in which he requests that he be permitted to withdraw the transcript in order that he may have it certified by the trial judge in accordance with the requirements of Art. 857, supra. The motion is granted and the clerk of this court is directed to return the transcript on file here to the clerk of the district court of Hopkins County.

Appellant is granted fifteen days from this date in which to have the record corrected and the appeal properly perfected.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the 16th day of December, 1936, appellant was, on a plea of guilty, convicted in the county court of Hopkins County of a misdemeanor. Thereafter, on the 18th day of May, 1937, after a capias pro fine had been duly issued by the clerk of the county court appellant was arrested and lodged in jail. On the 22nd day of May, 1937, he made application to the district judge of Hopkins County for a writ of habeas corpus on the allegation that the judgment convicting him was void for the reason that the county court was not in session, but its term had ended at the time the judgment of conviction was rendered. After a hearing under the writ an order was entered remanding appellant to the custody of the sheriff.

It appears from the testimony that on the 15th of August, 1922, at a regular meeting of the commissioners' court of Hop-

kins County, an order was made fixing the terms of the county court, as follows:

"After due consideration of the matter of the length of the terms of county court in and for Hopkins county, Texas, it is found that the present terms of court is not sufficient to attend to the criminal cases from time to time. It is hereby ordered and decreed by the commissioners' court of Hopkins county, Texas, that hereafter the county court of Hopkins county, Texas, shall hold four terms of court each year to begin on the first Monday in January, the first Monday in April, the first Monday in July and the second Monday in October and each term of said county court shall be held for four weeks except the criminal cases and said terms of said court shall extend until Saturday before Monday of the opening of the regular terms of said court."

On the 12th of January, 1931, the commissioners' court of said county made the following order:

"A motion was made by Commissioner Gregg and seconded by Commissioner Orr that the session and duration of the county court shall hereafter be limited to three weeks. The motion carried. The following order placed on the minutes: It is hereby ordered, adjudged and decreed by the commissioners' court of Hopkins County, Texas, that the term of the county court of Hopkins county, Texas, shall hereafter be for a term of three weeks."

The order last quoted does not specifically annul the part of the previous order designating the dates on which the terms of the county court begin, but only limits the duration of such terms to three weeks. We are of opinion that it is proper to look to the first order for a designation of the beginning dates of the terms of court. See Ex parte Miller, 211 S. W., 451. The second order expressly provides that the terms of the court should thereafter continue for three weeks. The language used comprehends the terms for both civil and criminal business. It is true that the members of the commissioners' court passing the last order testified upon the hearing of the writ of habeas corpus that it was not their intention to annul that part of the previous order fixing the duration of the terms for criminal business. Such testimony was inadmissible and cannot be considered by this court in determining the intention of the court in making such order. We quote from 11 Tex. Jur., 573, as follows:

"The commissioners' court speaks through its minutes, and not by the mouths of the members of the body, and where an

order has been entered, parol evidence is not admissible to vary or change the legal import of, or contradict, such order, or to prove the intention of the court in making such order."

See, also, Colonial Trust Company v. Hill County, 27 S. W. (2d) 144.

We are constrained to hold that the last order limited the duration of each of the terms of the county court to three weeks. This being true, it appears that appellant's conviction occurred at a time when the court was in vacation. It follows that the judgment of conviction is void. Ex parte Collins, 185 S. W., 580.

The judgment is reversed and appellant is ordered released from his detention under the capias pro fine.

> Reversed and appellant ordered released
> from custody.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State through the Hon. Wm. J. Fanning, County Attorney of Hopkins County, has filed a motion for rehearing in behalf of the State insisting first that we have misconstrued the effect of the order of the Commissioners' Court of Hopkins County made on the 12th of January, 1931, and second, that we should have considered the evidence of the County Commissioners as to what they intended to accomplish by the order mentioned.

We regret our inability to agree with counsel in either particular.

The motion for rehearing is overruled.

> Overruled.