## EX PARTE JIM WADE.

No. 22876. Delivered April 19, 1944.

The opinon states the case.

*Mat Davis,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an original proceeding, a statement of the nature of which, together with the questions of law involved, are accurately set forth in a brief filed by the State's Attorney from which we copy the following:

"The Relator has filed an original application in the Court of Criminal Appeals praying for a writ of habeas corpus. He alleges in his application for a writ of habeas corpus that he is being held by W. E. Floyd, Constable of Precinct No. 1 of Upshur County, Texas, by virtue of a capias pro fine issued by the County Clerk of Upshur County, Texas, in cause No. 5318, in which cause he was convicted upon an information charging relator with possession of an alcoholic beverage for the purpose of sale in a dry area, and that the judgment in said cause recites that relator was convicted of the offense of selling liquor. Relator further alleges that the County Court of Upshur County, Texas, was not in session on the 22nd day of November, 1943, same being the date upon which he was convicted.

"We think the controlling question in this cause is whether the County Court of Upshur County, Texas, was in session on November 22, 1943. The statement of facts in this cause reflects that the commissioners court of Upshur County, did, in a regular session held on February 10, 1941, pass an order that the terms of county court for said county be set on the third Monday of February, May, August and November in the year 1941. This order was held valid by the Court of Criminal Appeals in the case of Ex parte Williams from Upshur County, in 175 S. W. (2d) 420, in so far only as same fixed the dates at which the terms of court begin; and a subsequent order by the commissioners court of Upshur County dated February 9, 1942, was held to be void for the reason that same was passed before the expiration of one year from February 10, 1941. On January 4, 1943, the commissioners court of Upshur County passed the following order:

" 'The commissioners court met on above date in special session with County Judge Sid Buie and Commissioners E. A. Cobb, H. S. Taff, L. G. McKinley and G. L. Hart present.

" 'Motion made, seconded and carried that the county court for criminal procedure be continuous through the year of 1943 from term to term.'

"And on January 7, 1943, said court passed the following order:

" 'Commissioners Court met on the above date in regular session with County Judge Sid Buie and Commissioners E. A. Cobb, H. S. Taff, L. G. McKinley and G. L. Hart present.

" 'Motion was made, seconded and carried that terms for county court of Upshur County be set as follows: First term, first Monday in February; second term, first Monday in May; third term, first Monday in August; fourth term, first Monday in November.'

"We think that the order of January 4, 1943, above set out, is void and of no force and effect for the reason that it did not attempt to change or fix the number of terms of county court to be held in Upshur County, but apparently only attempted to fix the length of each term. We believe it to be void for the further reason that same was not passed at a regular term of the Commissioners Court but in a special session. Article 1962, Revised Civil Statutes of Texas, 1925. It therefore follows that the order of the commissioners court of date January 7, 1943, is a valid order and the one which was in effect on November 22, 1943, the date on which it is alleged that relator was convicted in the county court of Upshur County, Texas. It will be noted that the said order does not attempt to fix the length of the terms of court but merely fixes the dates at which the terms of court begin. The Constitution and the statute must therefore be looked to in determining the length of each term. Article 5, Section 29 of the Constitution of Texas, provides that,

" 'The County Court shall hold at least four terms for both civil and criminal business annually as may be provided by the Legislature or by the commissioners court of the county under authority of law, and such other terms each year as may be fixed by the commissioners court, provided the commissioners court of any county having fixed the dates and number of terms of the county court shall not change the same again until the expiration of one year.'

"And further provides:

" 'Until otherwise provided, the terms of the county court shall be held on the first Mondays in February, May, August and November, and may remain in session for three weeks.'

"Article 1962 of the Revised Civil Statutes of Texas, 1925, provides:

" The commissioners court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the times in which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term. When the number of terms of the county court has been fixed the court shall not change the order before one year from the date of entry of the original order fixing such terms.'

"And Article 1961 provides,

" 'Until or unless otherwise provided, the term of the county court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks.'

"It therefore seems apparent that the order of January 7, 1943, controls as to the number of terms of court for Upshur County each year, and that, under the Constitution and statutes of this State, each term could only remain in session for three weeks. It therefore follows that since the first Monday in November, 1943, was the first day of November in said month, that said three-weeks' term had expired, and that said court was not in session on November 22, 1943, and that the relator herein should be discharged."

We concur in the foregoing discussion of the law involved in the case and accordingly grant the petition and order that the relator be discharged.