## JOHN SMITH V. THE STATE.

No. 22948. Delivered November 8, 1944.

The opinion states the case.

*Joe McCasland,* of Jefferson, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The Legislature of this State, in 1897, under and by virtue of the power conferred by Article 5, Section 22, of the Constitution of this State, took from the County Court of Marion County jurisdiction in criminal cases. Acts of 1897, Chapter 36.

By Chapter 21, Acts of the Regular Session of the Forty-sixth Legislature in 1939, the Legislature restored criminal jurisdiction to the county court of said county "only to those cases in which pleas of guilty are entered by the defendant in any cases of misdemeanor filed in said Court."

This is an appeal from a conviction upon plea of guilty before the County Judge of Marion County for a violation of the liquor law, a misdemeanor, with punishment assessed at a fine of $100.00.

The appeal is predicated upon the proposition that the judgment is void because the plea was made and the judgment was entered during and while the court was in vacation.

The record affirmatively reflects that the Commissioners' Court of Marion County has not, since the passage of the Act of 1939, provided for or fixed a time for the holding terms of the county court.

With reference to the terms of court, the Constitution (Art. 5, sec. 29) provides:

"The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners' Court; provided, the Commissioners' Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks. (Sec. 29, art. 5, adopted election August 14, 1883; proclamation September 25, 1883.)"

The Legislature by Article 1961, R. C. S., as amended in 1929 by Chapter 48, Acts of First Called Session of the Forty-first Legislature, prescribed the time for the holding of terms of court the same as that fixed in the Constitution.

The record affirmatively reflects that the plea of guilty was made and judgment entered on June 24, 1944, which was not during a term of the court as fixed by the Constitution and the Legislature. A judgment of conviction entered in the county court in vacation is a nullity and is void. Ex Parte Collins, 79 Tex. Cr. R. 436; Ex Parte Jones, 111 S. W. (2d) 267.

The State's Attorney before this Court confesses the invalidity of the judgment, as pointed out.

The judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.