## LLOYD STONE V. STATE.

No. 24560. January 11, 1950.
State's Motion to Correct Record and For Rehearing
Granted March 1, 1950.

*Dickson & Balch,* Seymour, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for liquor law violation, with a fine of $1,000.

While the question was not raised by appellant in the court below nor presented on the appeal, we observe that the complaint filed in this case says that the party making it has "* * * a good reason to believe that Lloyd Stone, defendant, heretofore, on the 1st day of July, A.D. 1949 and before the making and filing of this complaint, did then and there in a dry area * * * * unlawfully transport intoxicating liquor, * * * *." The com-

plaint nowhere alleges that affiant *does believe* it. Such complaints have been uniformly held to be insufficient to charge the offense.

Because of such defect, the judgment of the trial court is reversed and the prosecution is ordered dismissed.

ON STATE'S MOTION TO CORRECT RECORD AND FOR REHEARING.

DAVIDSON, Judge.

It now appearing that the defect in the complaint upon which we based our original disposition of this case was the result of a typographical omission and that the complaint was, in truth and in fact, not subject to such defect, the state's motion for rehearing is granted and the case is now considered on its merits.

The record in this case affirmatively reflects that the trial was had and judgment entered at a special term of the County Court of Baylor County.

The law makes no provision for the calling of special terms of the county court. Art. 5, Sec. 29, of the Constitution provides for the holding of four regular terms of county court annually and "such other terms each year as may be fixed by the Commissioners' Court."

The terms of court as designated under the aforesaid article of the Constitution or authorized by the order of the commissioners' court, as provided therein, are regular terms of court as distinguished from special or called terms of court. See Ex Parte Cole, 51 Tex. Cr. R. 166, 101 S. W. 249; Ex Parte Collins, 79 Tex. Cr. R. 436, 185 S. W. 580; Ex Parte Reeves, 100 Tex. 617, 103 S. W. 478; Pinkston v. Ogden, Tex. Civ. App. 191 S. W. 2d 114.

It is apparent, therefore, that the instant judgment entered by a court not legally in session is void. Ex Parte Wade, 147 Tex. Cr. R. 175, 179 S. W. 2d 574; Ex Parte Jones, 133 Tex. Cr. R. 402, 111 S. W. 2d 267; Smith v. State, 147 Tex. Cr. R. 585, 183 S. W. 2d 175.

For the reasons stated, the judgment is reversed and the cause remanded.

340

Opinion approved by the court.

Hawkins, Presiding Judge, absent.