## NORMAN W. DAULTON V. STATE.

No. 24588. January 18, 1950.
Appellant's Motion for Rehearing Granted March 1, 1950.

*Dickson & Balch,* Seymour, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged with unlawfully transporting whisky on U. S. Highway No. 82, in Baylor County, Texas. Upon his plea of guilty before the court a fine of $1,000 was assessed.

A reversal of this case is sought on two grounds: First, it is contended that the county court was not in session and was without authority or jurisdiction to receive the plea of guilty and assess the punishment. The second ground is based on the evidence produced on the motion for a new trial, to the effect that he was denied counsel to represent him. We find no statement of facts in the record showing what took place in the trial of the case and reliance is had on the evidence introduced on the motion for new trial.

The first question has given us much concern because of the condition which we find reflected by a copy of the order of the commissioners' court, dated the 10th day of February, 1913, fixing the terms of the county court of Baylor County, and also the caption of this record which says the court convened on August 11th and adjourned on August 12th. The judgment calls it a "Special Term."

After providing for four terms in compliance with the Constitution, Article 5, Section 29, to begin respectively on the first Mondays in March, June, September and December, the order of the commissioners' court continues: "* * * and in addition thereto said court shall be open and in session for the purpose of receiving, entering and enforcing its judgments, orders and decrees on pleas of guilty in Criminal matters and cases coming before said Court from the Fourth Monday in March until the Fourth Monday in May, both days inclusive, from the Fourth Monday in June until the Fourth Monday in August, both days inclusive, from the Fourth Monday in September until the Fourth Monday in November, both days inclusive, and from the Fourth Monday in December until the Fourth Monday in February, both days inclusive."

The effect of the quoted portion of the order of the commissioners' court is to provide that the county court "* * * shall be open and in session" at four different specified periods. It is to be noted, also, that there is a space of time following each of these four periods before the four terms first described begin.

The section of the Constitution above referred to provides for at least four terms of the county court each year and then authorizes the commissioners' court to fix the terms under authority of law and adds: "* * * and such other terms each year as may be fixed by the commissioners' court." Said Section 29, of Article 5, proceeds to make some limitations on the authority of the commissioners' court to change the terms within the

specified period of one year. The Legislature of the State of Texas, by Articles 1961 and 1962, R. C. S., attempted to provide that the commissioners' court can provide additional terms, not to exceed six in all. This language of the legislature is quite ambiguous but we believe it has been properly construed in the case of Farrow v. Star Insurance Company of America, 273 S. W. 318, so as to make a limit of the number of terms of county court the total of six. This opinion further holds, and we think correctly so, that the legislature had no such power but that the commissioners' court may fix any number of terms, not less than four, as provided by the Constitution. That question is squarely before us, as we see it, and we think the statutory limitation on the number of terms is unconstitutional.

The next question for our consideration is the validity of the above quoted section from the order of the commissioners' court fixing the terms of the court of Baylor County and which attemps to place a limitation on the authority of the county court to try criminal cases only. The commissioners' court has authority to create the four additional terms, but it has no authority to place any limitation on the jurisdiction of the county court for such terms. Its effort to do so is fruitless, but we are constrained to hold that it has no effect to nullify its action in creating such additional terms of court. So holding, it is our conclusion that the county court was in session on the 11th and 12th days of August, 1949, by reason of the order of the commissioners' court creating four additional terms—eight in all for the year.

The record shows that the county judge did not so understand the effect of the order of the commissioners' court and that he assumed to call a "special session" on August 11th which, it is said, ended on August 12th. He had no such authority and but for the order of the commissioners' court, herein above quoted, the judgment which he entered would be void. The judgment recites that it is a special term, but such recitation does not make it so. Neither does the caption which says the term began on the 11th day of August and ended on the 12th day of August have the effect of changing the valid order of the commissioners' court fixing the terms.

Having concluded that the Commissioners' Court of Baylor County has effectively provided for four additional terms of the county court, they must be construed as regular terms, the same as the four referred to as such. There is no such thing as a special term of the county court and the county judge has

no authority to convene a special term, or to make any provision relative thereto other than that which is reflected by law and the commissioners' court.

There are many decisions from the Courts of Civil Appeals of Texas on the subject. Some of these are quite confusing and we have concluded not to cite them or try to reconcile any conflicts found in them, but base our determination of the question on the provisions of the Constitution and the construction reasonably to be given to the minutes of the commissioners' court. Any other construction would make it invalid and a foolish effort. The commissioners' court has no more power to limit the authority of the county court than it has to enlarge upon it.

The question concerning the incidents of the trial and the procedure in dealing with appellant prior to his conviction likewise gives us much concern. Appellant is a young man, twenty-one years of age, and lived near Lubbock, Texas. He was arrested on a highway near Seymour, placed in the jail of that county and was charged with transporting whisky. This was on August 9th. He testified that he was held incommunicado for two days and refused the privilege of telephoning his father. On the morning of the 11th he was taken before the county judge. He says that he asked the agent of the liquor control board to let him call his father and told him he wanted to make arrangements for a lawyer. He says the agent told him he could call anyone he wanted to after he went before the court. He says he was never in court before; that he knew no one in Seymour; that he was scared and only wanted to call his father for advice and assistance. He states, however, that the court informed him that he was entitled to counsel and gives as his reason for not calling a lawyer that the officers were present and he was still afraid to do so. The sheriff testified that on August 10th the defendant asked for permission to make a call to Lubbock and that he, the sheriff, promised to let him do so after the liquor board agent got through questioning him. He said the agent, a Mr. Koonsman, questioned the defendant most of the day. He states that defendant was taken before the court on the morning of August 11th and was informed by the judge that he could have counsel, but that no "specific request was made" therefor. The sheriff admits that the defendant "* * * was not permitted to make a telephone call until after he had been before the court on Thursday morning."

The foregoing procedure, about which there is no contro-

versy, is by no means commended and it is regretted that the same can take place in the courts of our state. However, the record before us contains no intimation that appellant was mistreated or that any threats were made against him. He said he was afraid to tell the court he wanted an attorney because the officers were present in the court room. He was in the presence of the court who voluntarily informed him of his rights. When represented by an attorney at his hearing on the motion for a new trial he revealed no basis for his fears. We cannot assume such in his behalf.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In our original opinion we held valid the order of the commissioners' court fixing the terms of the county court from the fourth Monday in June until the fourth Monday in August, both days inclusive, of each year.

The instant judgment was entered on the 11th day of August, 1949, which was within the period of time mentioned.

By a supplemental transcript presented and filed in connection with appellant's motion for rehearing, it is made to affirmatively appear by the certificate of the clerk that during the aforesaid period of time no term of the County Court of Baylor County was opened or convened.

Such fact conclusively establishes the correctness of the caption to the instant judgment, which certifies that it was entered at a "SPECIAL SESSION" of the court.

The order of the commissioners' court went no further than to fix the terms of court. Such order did not, in fact, convene the term of court therein authorized. The court not having convened, it was not in session, and a "special" term is not authorized by law.

It is apparent that the instant judgment of conviction was entered at a "special session" of the County Court of Baylor County and that, for such reason, it is void. Stone v. State, No. 24,560, this day decided. (Page 338 of this volume.)

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the court.