**CITY OF AMARILLO, Appellant,**

**v.**

**C. M. HENN et al., Appellee.**

No. 6646.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 4, 1956.

Rehearing Denied Dec. 29, 1956.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

McCarthy, Rose & Haynes, Adkins, Folley, McConnell & Hankins, Amarillo, for appellees.

MARTIN, Justice.

Appellant, City of Amarillo, filed its petition of condemnation as against appellees, C. M. Henn and Tillie Henn, for the purpose of obtaining land to extend and expand the existing runways at the municipal airport owned and operated by appellant. On November 19, 1956, the commissioners' award was entered. Following the award of the commissioners, appellees, C. M. Henn, Philip Henn, Tillie Henn, Dale Schooler and wife, Lura Lea Schooler, filed their appeal from such award to the County Court of Potter County. Apparently, Philip Henn, Dale Schooler and Lura Lea Schooler were not parties to the original proceeding before the commissioners. The County Judge transferred the case from the County Court to the County Court at Law in Potter County and the case was tried before a jury in that court on the 24th day of April 1956. The jury returned a verdict for appellees in the total amount of $236,671. A judgment was entered on the jury verdict on May 3, 1956, and, no motion for new trial was filed until May 8, 1956. On May 14, 1956, appellant filed a motion to set aside the judgment as being void. Upon such motion being overruled by the trial court on May 18, 1956, appellant excepted and gave notice of appeal.

Appellant's Point One alleges that the trial court erred in refusing to set aside the judgment because the same was not entered at a valid term of the County Court at Law, and was, therefore, void. Appellees have joined issue with the appellant on the matter of whether the cause was tried at a regular term of the County Court at Law. The sole question to be determined in this Court is whether the judgment of the County Court at Law was void as entered out of term time. If such judgment is void, it is immaterial that a motion for new trial relevant to the merits of the cause was not filed within the time specified by Rule 329-a, Vernon's Annotated Texas Rules. If such judgment is not void, then the case is not before this Court on the merits of the cause as no motion for new trial as prescribed by Rule 324 Vernon's Annotated Texas Rules was filed in proper time.

■ No serious controversy has arisen between the parties as to the principle that a judgment of the County Court at Law as rendered out of term time is void. Such principle is established by the following authorities: Citizens State Bank of Frost v. Miller, Tex.Civ.App., 115 S.W.2d 1183, Syl. 1–3–4; Gage v. Dallas Power & Light Co., Tex.Civ.App., 241 S.W.2d 196; Rouff v. Boyd, Tex.Civ.App., 16 S.W.2d 403; Strode v. Silverman, Tex.Civ.App., 209 S.W.2d 415, Syl. 6; British General Ins. Co., Limited v. Ripy, Tex.Com.App., 130

Tex. 101, 106 S.W.2d 1047; Allied Store Utilities Co. v. Hunt, Tex.Civ.App., 148 S.W.2d 246; Sinclair Refining Co. v. McElree, Tex.Civ.App., 52 S.W.2d 679; Daulton v. State, 154 Tex.Cr.R. 321, 227 S.W.2d 228; Denton County v. Lowrey, Tex.Civ.App. 156 S.W.2d 546; Stone v. State, 154 Tex.Cr.R. 338, 227 S.W.2d 227.

The subject of inquiry, under the above cited authorities, is whether the judgment in issue was entered during a regular term of the County Court at Law. For the purpose of clarity, this issue will be discussed under three separate legal provisions governing establishment of the terms of the County Court at Law of Potter County. The discussion will only have reference to the terms of the County Court in that no controversy exists upon the issue that the County Court at Law is governed by the same rules as to court terms as the County Court of Potter County.

■ First to be considered, Section 29, Article 5 of the Constitution of Texas, Vernon's Ann.St., provides as to terms of County Courts: "The County Court shall hold at least four terms for both civil and criminal business annually * * * Until otherwise provided the terms of the County Court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks," Art. 1961, Vernon's Texas Civil Statutes, contains essentially the same language on the subject as the constitution. The only constitutionally fixed terms of the County Court as placed in issue here would have been convened as stated hereinafter. The February term of County Court would have commenced on February 6 and would have expired at the end of the week of February 20. The constitutionally fixed term for May would have commenced on May 7 and expired at the end of the week of May 21. Since the case here in issue was tried on the 27th day of April 1956 and a judgment entered thereafter on May 3 neither the trial of the cause nor the entry of judgment therein was done during a term of said court as established by Article 5, Section 29 of the Constitution and Art. 1961, supra.

■ The issue as to the establishment of additional terms of County Court will now be discussed. Article 5, Section 29 of the Constitution also authorized the legislature or Commissioners' Court of the county "under authority of law" to provide for additional terms of the County Courts. Under such constitutional authority, the Legislature enacted Article 1962, Vernon's Texas Civil Statutes, thereunder granting authority to the Commissioners' Courts to create additional terms of the County Courts. That section of the Article 1962 as placed in issue in this appeal is as follow: "The commissioners court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, * * *." Since Article 1962 requires that the Commissioners' Court shall provide for additional terms of a County Court at a regular term of said Commissioners' Court the facts in the cause on appeal should be examined in the light of such Article and also Article 2348 prescribing the terms of the Commissioners' Courts. Art. 2348 provides: "The *regular terms* of the commissioners court shall be commenced and be held at the court house on the second Monday of each month throughout the year and may *continue in session one week;* * * * Special terms may be called by the county judge or three of the commissioners, and may continue in session until the business is completed." Article 2349 of Vernon's Texas Civil Statutes as to recordation of the proceedings of the Commissioners' Courts, provides: "The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed *after each term* by the county judge, or the member presiding and attested by the clerk * * *". (Italics added.)

The minutes of the Commissioners' Court as pertinent to the above quoted provisions of Art. 1962, Art. 2348 and Art. 2349 reveal the following uncontroverted evidence: "The Commissioners' Court convened in regular session of April 10, 1933, and adjourned on that date to meet again on Tuesday, April 11, 1933; that it met pursuant to adjournment on April 11 and adjourned to meet again on Monday, April 17; that it met pursuant to adjournment on April 17 and then adjourned to Tuesday, April 18; that it met on Tuesday April 18, pursuant to adjournment and adjourned on that date to meet on April 19; that it met on April 19, pursuant to adjournment and on that date adjourned to meet on April 20; that it met on April 20; pursuant to adjournment and adjourned on that day to meet again on April 24; that it met on April 24, pursuant to adjournment and on that day adjourned without any provision for subsequent meetings." The minutes of the Commissioners' Court were read in open court, approved, signed by the judge and attested by the clerk following such adjournment. This uncontroverted record, in the light of the statutes as cited, reveals that the regular term of the Commissioners' Court for April terminated on April 24, 1933, if not prior thereto as provided by Art. 2348, supra.

The regular term of the Commissioners' Court having terminated on April 24, the Court "met in Called Session" on April 25 and passed the order setting the terms of the County Court as placed in issue herein. As revealed by the undisputed evidence, this order was not passed at a regular term of the Commissioners' Court but at a called session. Therefore, such order was void and did not authorize additional terms of the County Court "under authority of law" as prescribed by Article 5, Section 29 of the Constitution and Article 1961, Vernon's Texas Civil Statutes. Ex parte Wade, 147 Tex.Cr.R. 175, 179 S.W.2d 574; Free v. Scarborough, 70 Tex. 672, 8 S.W. 490; Edmanson v. State, 64 Tex.Cr.R. 413, 142 S.W. 887, 896, Syl. 11.

The record further reveals that the Commissioners' Court had passed an order in 1928 attempting to fix additional terms of the County Court. The undisputed evidence further reveals that no term of court was ever convened at such terms of court as fixed under the order of 1928. Nor was the cause here in issue tried in a term of court convened under the order setting the terms of court in 1928. Neither the County Court nor the County Court at Law ever convened under the order of 1928 and such order could not be resorted to as fixing additional terms of such court. Daulton v. State, 154 Tex.Cr.R. 321, 227 S.W.2d 228.

■ Under the record in this cause, it is apparent that the judgment in issue was entered outside the limits of a term of the Court as established by the Constitution. It is also revealed by the undisputed record that the Commissioners' Court had not fixed additional terms of such court "under authority of law." Nor was any term of Court ever convened under the prior order of the Commissioners' Court as passed in 1928. As the judgment of the trial court was not entered during any regular term of the County Court at Law it is void.

Appellant's Point One is sustained. The judgment of the trial court is reversed and the cause is remanded to that court. Jones v. Bass, Tex.Com.App., 49 S.W.2d 723, Syl. 7.

### On Motion for Rehearing.

Appellees have alleged in Paragraph Four of their motion for rehearing that this Court erred in holding that Philip Henn, Dale Schooler and Lura Lea Schooler were not parties to the original proceedings before the commissioners. This was not error in the original opinion but the same has been cured by appellees' filing a supplemental transcript in this court since the rendition of such opinion.

■ Appellees' Point One in their motion for rehearing asserts that appellant is estopped to deny the jurisdiction of the County Court by reason of its having orig-

inally invoked the jurisdiction of the court in such cause. The issue of estoppel was duly considered and briefed by the court prior to the rendition of the original opinion but a ruling on the same was not incorporated in such opinion as no issue was made of estoppel in the original hearing. This principle under which appellees now seek relief in their motion for rehearing is illustrated by the rule enunciated in the case of Security Trust Co. of Austin v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151, Syl. 14 & 15. Such opinion by the Supreme Court cites 21 C.J.S., Courts, § 108, pp. 162, 163 which states the following rule as to estoppel:

"*What constitutes estoppel.* Save where the court is completely without jurisdiction of the subject matter, a party will be estopped to question the court's jurisdiction if he invokes it, as by instituting an action or filing a counterclaim or bringing a cross action, or if he requests or consents that a particular court take jurisdiction, or accepts benefits resulting from the court's exercise of jurisdiction.

"A party will not be permitted to deny the existence of jurisdictional elements which he previously alleged or asserted."

An examination of the record in this cause in the light of the above rule reveals that the sole action taken by the appellant city was to file the condemnation proceeding. Afer the filing of this condemnation petition by the city, a decision was given by commissioners appointed under the provisions of Article 3264, Vernon's Texas Civil Statutes. Article 3266 provides for an initial decision in the cause by the commissioners and not by the County Court of Potter County. The decision is that of the commissioners although Section 7 of Article 3266 further provides:

"If no objections to the decision are filed within ten (10) days the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same a judgment of the court and issue the necessary processes to enforce the same."

The petition for condemnation as filed by appellant city invoked the County Judge's appointment of the commissioners who rendered the initial decision in the cause. Thereafter it was solely the appellees, acting under the provisions of Section 6 of Article 3266, who invoked the jurisdiction of the County Court at Law as to the trial of the cause now in issue. The proceeding before the County Court at Law was solely invoked by the appeal perfected by appellees. As disclosed by the record, appellant filed no counterclaim or cross action after the appeal was perfected. Appellant did not request or consent that the County Court take jurisdiction of the cause. The appellant received no benefit from the Court's exercise of its jurisdiction as invoked by appellees' appeal in that the judgment of the Court against the city for approximately a quarter million dollars is so unreasonable and excessive as to be destructive of the city's rights rather than constituting a benefit to it. Nor is there any pleading or allegation in the record revealing that the appellant either alleged or asserted that the County Court had jurisdiction in the cause of action.

This record, on appellees' motion for rehearing, has been re-examined on the issue of estoppel in the light of the decisions by the courts of Texas as cited in the footnotes of 21 C.J.S., supra. The cause has also been re-examined under the ruling in Aetna Life Ins. Co. v. Harris, Tex.Civ.App., 83 S.W.2d 1087; Morris v. Drescher, Tex. Civ.App., 123 S.W.2d 958; Gossett v. Hensley, Tex.Civ.App., 94 S.W.2d 903; Security Trust Co. of Austin v. Lipscomb County, supra and other authorities. The opinion is here expressed that none of the cases examined support the legal proposition that the appellant herein, by filing a condemnation suit and obtaining a decision of the commissioners, is estopped to question the

jurisdiction of the County Court at Law as invoked by an appeal perfected by appellees in this cause.

Appellees' motion for rehearing is overruled.