**A. C. ELEBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38939.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Clayton Malone, Livingston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted, upon his plea of guilty and waiver of a trial by jury, of the offense of unlawfully hunting wild deer at night with an artificial light and his punishment was assessed at thirty days in jail and a fine of $50.

It is insisted that the judgment is void because it was rendered while the court was in vacation.

The judgment is shown to have been rendered in the cause on October 19, 1964.

The caption found in the transcript recites that the case came on for trial "At a term of the County Court, begun and holden within and for the County of Polk, at Livingston, Texas, on the 1st day of August, A.D. 1964, and which adjourns on the 31st day of October, A.D. 1964 * * *."

Art. 5, Sec. 29, of Vernon's Ann.St. Constitution of Texas, provides, in part, that the county courts of this state shall "hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners' Court; * * * Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks."

Under this constitutional provision, the commissioners' court is authorized to fix the terms of a county court.

 The certified copy appearing in the transcript of an order of the commissioners' court, dated February 11, 1963, fixing two terms of the county court, to run from January 1 to June 30 and from July 1 to December 31, 1963, is not proof that the court did not subsequently enter an order fixing the term of court as set out in the caption of the transcript. After the expiration of one year the commissioners' court would be authorized to fix new terms of the county court. Art. 5, Sec. 29, supra; Art. 1961, Vernon's Ann. Civ.St.

Smith v. State, 147 Tex.Cr.R. 585, 183 S.W.2d 175, cited by appellant, is not here controlling, because in that case it was affirmatively shown that the commissioners' court had not provided for or fixed terms of the county court.

Under the record, the judgment is not shown to be void.

The judgment is affirmed.

Opinion approved by the Court.