### CITY OF DALLAS, Appellant,

v.

### O. L. STEGER, Sr., et ux., Appellees.

### No. 11459.

Court of Civil Appeals of Texas.

Austin.

Dec. 7, 1966.

Rehearing Denied Jan. 4, 1967.

---

N. Alex Bickley, City Atty., Lee E. Holt, Asst. City Atty., Dallas, W. H. Frank Barnes, Terrell, for appellant.

J. Alex Blakeley, Dallas, Ralph M. Hall, Don R. Stodghill, Rockwall, for appellee.

PHILLIPS, Justice.

This suit was brought in the County Court of Rockwall County, Texas by the City of Dallas for the purpose of condemning 10.71 acres of land out of a 112.6-acre tract of land in Rockwall County, Texas. In a jury trial, three issues were submitted covering the value of the land taken and the damages to the remainder. The effect of the answers was to award $175,427.25 for the 10.71 acres taken and damages.

We reverse the judgment of the trial court and remand the case.

Appellant City of Dallas is before us with thirteen points of error, however, inasmuch as we sustain its first two, we will not pass on the remaining eleven.

Appellant's first two points are: the error of the trial court in commencing the trial of this case on December 6, 1965, and

in receiving the verdict of the jury on December 15, 1965, as recited in the judgment of the court, because said dates are out of the term time of the court, said proceedings are null and void, and the trial court was without jurisdiction to render judgment thereon; the error of the trial court in rendering, entering and signing the judgment in this case on December 27, 1965, as recited therein, because said date is out of the term time of the court, and said judgment is therefore wholly null and void.

■ Under the Tex.Const. Art. V, Sec. 29, Vernon's Ann.St., the County Commissioner's Court has the power to establish, in its discretion, separate terms for the transaction of criminal business alone, in addition to four regular terms for both civil and criminal business required by the above cited constitutional provision. See Wilson v. State, 15 Tex.App. 150; Hughes v. Doyle, 91 Tex. 421, 44 S.W. 64 (1898); Henn v. City of Amarillo, 157 Tex. 129, 301 S.W.2d 71 (1957); Wells Fargo & Co. Express v. Mitchell, 176 S.W. 818 (Tex. Civ.App. Amarillo 1914, writ dism. w. o. m.); Daulton v. State, 154 Tex.Cr.R. 321, 227 S.W.2d 228 (1950).

The following is an order adopted by the Commissioner's Court of Rockwall County on January 14, 1952:

"Came on and for consideration the fixing of the terms of the County Court. In accordance with the provisions of the Constitution, Article 5, Section 29, Vernon's Texas Statutes Annotated, the Court, acting on the recommendation of the County Judge, moved that the four Regular terms of Court be continued as in the past, as follows: to begin on the first Monday in January, first Monday in April, first Monday in July, and the first Monday in October, each of said terms to remain *is* session three weeks; in addition to said terms the Court specified that said County Court shall be open and in session for the purpose of receiving, entering and enforcing its judgments, orders and decrees on pleas of Guilty in Criminal matters, and cases coming before Court from the fourth Monday in January until the fourth Monday in March, both days inclusive; from the fourth Monday in April until the fourth Monday in June, both days inclusive; from the fourth Monday in July until the fourth Monday in September, both days inclusive; and from the fourth Monday in October until the fourth Monday in December, both days inclusive. The *motion for approval of such was made* by C. J. Thompson and seconded by B. F. Hartman, and the vote of the Court was as follows:

| Yes | No | Not Voting: |
|---|---|---|
| B. F. Hartman | | |
| C. R. Terry | None | |
| | | Clyde Smith, Absent |
| C. J. Thompson | | |

The motion was ordered carried by the County Judge."

■ This cause proceeded to trial on December 6, and the judgment of the court was entered on December 27. Neither of these dates fall within the regular, or first four terms of the court commencing the first Monday in January, the first Monday in April, the first Monday in July, and the first Monday in October, each one continuing for three weeks. The case was tried during a criminal term of court and judgment was entered at a criminal term. Under these circumstances, the judgment is invalid and of no force and effect.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.